IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Martin M. Rivers | § | CASE NO. 22-02267 |
| | § | |
| Debtor. | § | CHAPTER 13 |
| _____ | § | |
| | § | |
| BANKERS HEALTHCARE | § | |
| GROUP, LLC d/b/a BHG Financial | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| Martin M. Rivers, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

**BANKERS HEALTHCARE GROUP, LLC'S ORIGINAL COMPLAINT TO
DETERMINE THE DISCHARGEABILITY OF A DEBT
UNDER 11 U.S.C. § 523**

COMES NOW Bankers Healthcare Group, LLC d/b/a BHG Financial ("Plaintiff" or "BHG"), a creditor and party-in-interest in the above-styled and numbered Chapter 13 bankruptcy case (the "Bankruptcy Case") of Debtor Martin M. Rivers ("Rivers" or "Defendant"), filing its *Original Complaint to Determine the Dischargeability of a Debt under 11 U.S.C. § 523* (the "Complaint") and commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of the Complaint, BHG respectfully states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Bankruptcy Case and the Adversary Proceeding pursuant to 28 U.S.C. § 157 and 1334. The Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of the Bankruptcy Case and the Adversary Proceeding is appropriate in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. BHG consents to the Court's entry of final orders or judgment in the Adversary Proceeding. *See* FED. R. BANKR. P. 7008.

### II. PARTIES

4. BHG is a creditor and party-in-interest in the Bankruptcy Case and can be served through its undersigned counsel of record.

5. Rivers is an individual residing at 11026 Burns Ave. Westchester, IL 60154 and the Chapter 13 Debtor in the Bankruptcy Case. Rivers may be served with process in this Adversary Proceeding at that address or at such other place as he may be found. *See* FED. R. BANKR. P. 7004(b)(9).

### III. BACKGROUND

6. On or about February 2, 2021, BHG made a loan to Vet Dynamics, LLC ("Vet Dynamics"). As consideration for the loan, the Defendant guaranteed Vet Dynamics's performance. Exhibit A.

7. On information and belief, the Defendant is the 100% owner and managing member of Vet Dynamics.

8. The total amount financed was $90,395.00 with $79,955.00 being disbursed to Vet Dynamics on or about February 3, 2021.

9. Vet Dynamics made seven payments from March 5, 2021 until September 5, 2021 but had not made any payments since then. Exhibit B.

10. The Defendant filed for relief under Chapter 13 of the Bankruptcy Code on February 28, 2022 (the "Petition Date").

11. As of the Petition Date, BHG's claim is in the unpaid amount of no less than $94,933.54; which amount includes: (i) unpaid and accrued interest at a rate of 19.99% per annum in the amount of $7,222.05; (ii) late fees in the amount of $1,003.40; and (iii) unpaid principal in the amount of $86,708.09. Further, BHG asserts a claim for accrued post-petition interest on its pre-petition claim plus BHG's post-petition charges, costs, expenses and attorneys' fees, all to the extent permitted by applicable law.

12. BHG's claim arises under and is governed, evidenced, or secured by, among other things, a promissory note and certain other agreements and instruments (collectively, with all related instruments and agreements, the "Loan Documents"), including without limitation, the below non – exhaustive list of certain Loan Documents and other documents or filings related to the Claim, copies of which are attached hereto:

    a) Financing Agreement (Limited Liability Company) Promissory Note/Security Agreement/Personal Guaranty February 2, 2021 made by Martin Rivers (the "Borrower") and guaranteed by Martin Rivers in the stated amount of $168,570.36 (the "Note") in favor of BHG (Exhibit A); and
    b) UCC Financing Statement No. 26941628 filed on February 4, 2021 with the Illinois Secretary of State (Exhibit B).

13. BHG's claim is secured by liens, assignments, and security interests against all assets of Vet Dynamics as described in the Loan Documents and other instruments and agreements, including, but not limited to, all of Borrower's accounts receivables, inventory, instruments, equipment, intangibles, accounts, chattel paper, good will, and any and all proceeds thereof (collectively, the "Collateral").

14. Rivers, submitted verbal and written information to BHG in an effort to obtain the loan application documents (collectively, the "2021 Loan Application"). In connection with the 2021 Loan Application, Rivers made, *inter alia*, the following false representations to BHG on which BHG relied in making the loan:

(a) Rivers had $30,000 in his checking and savings accounts;

(b) Rivers had $6,500 in Stocks/Bonds/IRA/401k funds;

(c) Rivers had an annual income of $162,000.00 per year; and

(d) That Vet Dynamics was going to use the funds for "Business Development;"

(e) That the Defendant understood and acknowledged that the loan was a "Commercial Loan" and that the proceeds of the loan were "intended by the borrower for use primarily for other than personal, family, or household purposes;" and

(f) That he understood that he would be "responsible to use the proceeds of the loan, if funded, in accordance with this 'Statement of Intended Purpose' [Business Development] and that BHG has reasonably and justifiably relied on this Statement of Intended Purpose in connection with reviewing and considering my loan application for approval and funding."

15. BHG notes that the assertion that Vet Dynamics was going to use the funds for Business Development is belied by the fact that the website for Vet Dynamics, www.vetdynamics.us, is inoperable.

16. Further, for income verification on this loan, the Defendant provided BHG two pay stubs allegedly issued by Fifth Third Bank, located at 38 Fountain Square Plaza, Cincinnati, Ohio ("OH") 45263. These statements covered pay periods between September 27, 2020 and October

24, 2020 and list the Defendant's gross pay amounts of $4,612.69 for both checks. The pay stubs are listed on Automatic Data Processing ("ADP") templates.

17. However, on information and belief, Fifth Third Bank does not use ADP to process its payroll payments.

18. Further still, in January 2021, Rivers represented to BHG that he had annual salary income of $162,000 per year and no rental or other income. However, his Statement of Financial Affairs indicates that he had during 2021 $30,400 in rental income, $4,907.04 in retirement benefits, and $29,442.24 in disability benefits and not salary or other income. Further, his Schedule I lists annual income of only $87,600, a substantial deviation from the $162,000 per year he represented to BHG in obtaining the loan.

19. Further still, the Defendant's schedules only list a payment of $500 to his bankruptcy counsel and a transfer of $4,014.69 to a Mr. Michaud to purchase real estate. However, at the time of bankruptcy, the Defendant's schedule only list the Defendant as having $1,700 in his checking account, thus indicating that his statement to BHG that the had $30,000 in his accounts was false.

20. Further, Rivers provided bank statements for a US Bank bank account ending in 3307 as Vet Dynamics's business account. The only activity reflected on the statements, which took place between January 7, 2021 and January 29, 2021 involve mobile bank transfers, all in round dollar amounts, to and from US Bank account ending in 4109. Credits total $1,950.00 and debits total $1,890.00. Normal business activities, such as payroll, invoice and utility payments, or incoming business revenue, are not identifiable on this statement.

21. Rivers made these representations in order to induce BHG to extend the 2021 Loan, and BHG relied on the Defendant's representations in making the 2021 Loan.

22. On or about December 29, 2021, BHG initiated a suit in the Supreme Court of the State of New York against Vet Dynamics and the Defendant for breach of contract and to enforce the personal guarantee. A copy of the suit is attached hereto as Exhibit C.

## IV. CLAIMS

### COUNT I - NONDISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §523(a)(2)

23. BHG hereby incorporates the foregoing paragraphs as if they were set forth fully herein.

24. 11 U.S.C. § 523(a)(2) provides in pertinent part:

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing--
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2) (West 2022).

25. BHG relied on the Defendant's misrepresentations, as set forth above, in making the loan to Vet Dynamics.

26. BHG would not have made the loan but for the Defendant's misrepresentations.

27. BHG's reliance on the misrepresentations was reasonable.

28. The Defendant made the false statements with the intent to deceive BHG.

29. BHG has been damaged by the Defendant's misrepresentations.

30. BHG respectfully requests that the Court enter an order finding that the Defendant's debt to BHG are excepted from discharge pursuant to 523(a)(2)(A) and (B).

## V. PRAYER

WHEREFORE, BASED UPON THE FOREGOING, BHG respectfully requests that the Court enter a judgment:

(i) against the Defendant finding that the Defendant's debt to BHG is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (B);

(ii) Awarding BHG's reasonable attorneys' fees and costs incurred herein;

(iii) Awarding BHG prejudgment interest;

(iv) Awarding BHG post-judgment interest; and

(v) Awarding BHG such additional and further relief which the Court deems just and proper and to which BHG may show itself to be justly entitled.

DATED: May 31, 2022

Respectfully submitted,

*/s/ David P. Lloyd*
David P. Lloyd
David P. Lloyd, Ltd
615B S. La Grange Road
La Grange, IL 60525
708-937-1264
708-937-1265
dlloyd@davidlloydlaw.com

***Local counsel for Bankers Healthcare Group, LLC d/b/a BHG Financial***

*/s/ Charlie Shelton*
Melissa S. Hayward (pro hac application expected June 1, 2022)
Texas Bar No. 24044908
Charlie Shelton (pro hac application expected June 1, 2022)
Texas Bar No. 24079317

HAYWARD PLLC
10501 N. Central Expy., Ste. 106
Dallas, TX 75231
972-755-7100 Tel
972-755-7110 Fax
MHayward@HaywardFirm.com
CShelton@HaywardFirm.com

***Counsel for Bankers Healthcare Group, LLC d/b/a BHG Financial***